IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| SIDNEY HARRIS, M37506 | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 19-cv–00660-SMY |
| vs. | ) ) |  |
| LARRY HENDERSON, SHAWN BRASHER, JEFFERY DENNISON, J. PICKFORD, OFFICER BRYANT, AMANDA SMITH, and C/O JOHNSON | ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sidney Harris, an inmate of the Illinois Department of Corrections ("IDOC") currently being held at the Jacksonville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff asserts claims related to alleged false disciplinary tickets by prison guards, disregard of his safety by being housed in the same facility as an inmate who sexually assaulted him, failure to restore good conduct credits and deliberate indifference to his serious mental health problems.[1] He seeks monetary damages.

---

[1] Plaintiff mentions the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, in the title of his Complaint, but does not make any allegations regarding the ADA or claim he is being denied access to any programs, activities or services that on the basis of his disability. As such, he has not asserted an ADA claim. .

1

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: While incarcerated at Vienna Correctional Center, Henderson (a corrections officer) wrote Plaintiff a disciplinary ticket for giving false information because he told Henderson he was going to the Health Care Unit when his call pass stated he was going to the Adjustment Committee (which is housed inside the Health Care Unit). (Doc. 1, p. 3). Plaintiff suffered "harsh restrictions" from this disciplinary ticket. (*Id.*).

Plaintiff was subsequently transferred to Shawnee Correctional Center ("Shawnee"). (*Id.*, p. 4). Defendant Shawn Brasher issued a false disciplinary report which resulted in Plaintiff being placed in segregation. (*Id.*). This was part of a larger pattern of Plaintiff being "target[]ed and mistreated" by Shawnee employees and staff, which caused him to fear for his health, safety and life. (*Id.*). Plaintiff informed the Warden, Internal Affairs and mental health staff of his fears, but they did not take any action. (*Id.*). Corrections officers also refused to allow Plaintiff to exit his cell to perform a janitorial job he had received (only C/O Johnson is identified in connection with this allegation). (*Id.*, p. 6).

In January 2018, Plaintiff was sexually assaulted by his former cellmate, Ashton Daniel. (*Id.,* p. 4). He called the Prison Rape Elimination Act ("PREA") hotline and reported the incident. (*Id.*). He also sent written statements to Defendants Pickford and Bryant (officers with Internal Affairs at Shawnee) and Warden Dennison both about the incident and his fears of retribution by Daniel for reporting the incident. (*Id.,* pp. 4-5). Nevertheless, Plaintiff remained housed in the same facility (and for a time in the same housing unit) as Daniel, causing him severe emotional and mental distress. (*Id.*, p 5).

Plaintiff has been diagnosed as seriously mentally ill ("SMI"), suffering from depression, schizo-affective disorder and schizophrenia. (*Id.*, p. 4). He "was never treated[at Shawnee] and any treatment was so cursory as to amount to no treatment at all." (*Id.*. p. 6). Defendant Smith, a mental health professional and later supervisor, was aware of Plaintiff's mental illnesses and issues but did nothing to see Plaintiff or have him seen more often by other mental health counselors. (*Id.*, pp. 6-7). Warden Dennison was aware of the issues due to his signing of documents. (*Id.*, p. 7).

Plaintiff lost two months of good conduct credits which should have been restored by Dennison or Counselor Supervisor Mrs. Millis.[2] (*Id.*, p. 6). He was told that if he went 90 days with no disciplinary tickets and 90 days "A-Grade" (the highest offender classification) that revoked good conduct credits would be restored "back to Plaintiff's original out-date." (*Id.*, p. 6). They were not restored despite Plaintiff satisfying those requirements.

---

[2] Plaintiff refers to Mrs. Millis as a defendant in the body of his Complaint. However, she is not named in the caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. See FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Based on the allegations of the Complaint, the Court finds it convenient to organize the *pro se* action into the following Counts:

> **Count 1:** **A Fourteenth Amendment claim against Henderson for writing up an unfair disciplinary ticket at Vienna.**
>
> **Count 2:** **A Fourteenth Amendment claim against Brasher for writing up a false disciplinary ticket.**
>
> **Count 3:** **An Eighth Amendment claim against Bryant, Pickford, and Dennison for exposing him to a substantial risk of serious physical injury by keeping him housed near inmate Daniel after his sexual assault.**
>
> **Count 4:** **An Eighth Amendment claim against Dennison and Smith for deliberate indifference to a serious mental health issue.**
>
> **Count 5:** **A Fourteenth Amendment claim against Johnson for not allowing him out of his cell to go to his prison job.**
>
> **Count 6:** **A Fourteenth Amendment Due Process claim against Dennison for failure to restore good conduct credits.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[3]**

## Severance

As an initial matter, the Court has determined that Plaintiff's claims are improperly joined in a single action. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The claims fall into two distinct groups: (1) **COUNT 1** arising from a disciplinary ticket issued to Plaintiff at Vienna for conduct at Vienna; and (2) **COUNTS 2-6** arising from the staff's treatment of Plaintiff while housed at Shawnee. These claims involve different defendants, separate transactions or

---

[3] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

occurrences, no common questions of fact, and different legal theories. Therefore, the Court will exercise its discretion and sever Count 1 against Larry Henderson into an additional lawsuit with a newly-assigned case number. *See* FED. R. CIV. P. 18, 20, and 21. *See also Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d at 607. Count 1 will be screened pursuant to § 1915A in the newly-severed case. As a result, the claims remaining in this case are Counts 2-6.

## Discussion

### Count 2

Plaintiff has failed to state a claim against Brasher because a disciplinary ticket, even if falsely issued, will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Plaintiff does not allege that he was denied due process in connection with the Adjustment Board decision to impose sanctions. Count 2 will therefore be dismissed.

### Count 3

Prison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights. *Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) (citation omitted). *See also Wright v. Miller*, 561 F. App'x 551, 555 (7th Cir. 2014) ("Even without an actual injury, the mere probability of the harm to which [defendant] exposed [plaintiff] can be sufficient to create liability: The heightened risk of future injury a prison official intentionally or with reckless indifference inflicts on an inmate is itself actionable.") (quotations omitted). Plaintiff alleges that Bryant, Pickford and Dennison had knowledge of a substantial threat of serious physical injury to him after the PREA report he made against Inmate Daniel, but allowed them to

remain housed in the same housing unit. This is sufficient to state a deliberate indifference claim against these defendants. Count 3 will proceed.

**Count 4**

Plaintiff adequately alleges deliberate indifference to his mental health issues against Smith, but not against Dennison. "To prevail on a deliberate-indifference claim, the plaintiff must prove that he suffered from (1) objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 622 (7th Cir. 2008)(quotation omitted). The need for a mental illness to be treated "could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).

Plaintiff alleges that Amanda Smith, a mental health professional at Shawnee who was subsequently promoted to supervisor, was deliberately indifferent to his depression, schizo-affective disorder and schizophrenia, in that she was aware he was not receiving treatment and did nothing. However, he does not plead facts suggesting personal involvement by Dennison. "[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Plaintiff's claim against Dennison appears to rest solely on the fact that he reviewed several grievances, determined whether they constituted emergencies, and concurred with his subordinates' findings on some of them. This is not sufficient to state a viable claim against him. Therefore, Count 4 will proceed against Smith but must be dismissed as to Dennison.

**Count 5**

Plaintiff fails to state a claim against C/O Johnson for not allowing him to leave his cell to work the janitorial job. A liberty interest (and therefore due process) under the Fourteenth Amendment is triggered only when a condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Inmates have no liberty interest in prison jobs and no right to work or earn money. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) *abrogated on other grounds*; *see also McGee v. Mayo*, 211 Fed.Appx. 492, 494 (7th Cir. 2006) (A prisoner's cell confinement and work loss did not deprive him of any liberty interest). Therefore, Count 5 will be dismissed.

**Count 6**

Plaintiff fails to state a claim based on the good conduct time he claims should have been restored by Dennison. A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. However, a prisoner seeking money damages for fact or duration of his confinement has no claim under § 1983 "unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004*) citing Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). In Illinois, mandamus is the appropriate remedy to compel prison officials to award sentence credit or to make them explain why previously revoked sentence credit was not restored on petition. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004); *Hynes v. Snyder*, 823 N.E.2d 231, 233 (2005).

Here, there is no indication that the disciplinary decision which resulted in the original loss of good conduct credits has been expunged or invalidated, or that Plaintiff has successfully filed a mandamus challenge to Dennison's refusal to restore the lost credits. In the absence of such a

favorable termination to his challenge of the loss of credits at the state level, no claim for damages lies under §1983.

## Disposition

**COUNT 1** against **LARRY HENDERSON** is **SEVERED** into a new case which shall be captioned: **SIDNEY HARRIS, Plaintiff vs. LARRY HENDERSON, Defendant**.

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2); and
3) This Memorandum and Order Severing Case.

**IT IS ORDERED** that all claims against **SHAWN BRASHER** and **C/O JOHNSON** are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants **LARRY HENDERSON, SHAWN BRASHER and C/O JOHNSON** as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNTS 2, 5 and 6** are **DISMISSED without prejudice.** **COUNT 3** will proceed as to Bryant, Pickford and Dennison, and **COUNT 4** will proceed as to Amanda Smith.

The Clerk of Court shall prepare for Defendants Bryant, Pickford, Dennison and Smith: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: February 18, 2020**

                                              /s/ Staci M. Yandle
                                              **STACI M. YANDLE**
                                              **U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before

defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**