IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIDNEY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-00660-MAB |
| | ) |
| LARRY D. HENDERSON, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* for case management purposes. For the reasons set forth below, this action is **DISMISSED with prejudice** pursuant to Rule 41(b). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## FACTUAL BACKGROUND

Plaintiff Sidney Harris, a former inmate with the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit under 42 U.S.C. § 1983 on June 18, 2019 due to alleged constitutional violations that occurred at Vienna Correctional Center ("Vienna") and Shawnee Correctional Center ("Shawnee"). Plaintiff alleged that Defendants violated his Fourteenth and Eighth Amendment rights at these two facilities (Docs. 1, 15). At Vienna, Plaintiff was subjected to an unfair disciplinary ticket. At Shawnee, Plaintiff was sexually assaulted by his former cellmate, but was continually

housed with him, causing him severe emotional and mental distress (Doc. 15, p. 3). Plaintiff alleges he was never treated for his mental health diagnoses (*i.e.*, depression, schizo-affective disorder, and schizophrenia) at Shawnee as well. *Id.*

After a threshold review, pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on two Eighth Amendment claims. The first was against Defendants Banks, Pickford, and Dennison for exposing him to a substantial risk of serious physical injury by keeping him housed near another inmate after Plaintiff was sexually assaulted by this inmate. The second was an Eighth Amendment claim against Defendant Smith for deliberate indifference to a serious mental health issue (Doc. 15, pp. 5-8). A third count, Plaintiff's Fourteenth Amendment claim against Defendant Henderson for writing up an unfair disciplinary ticket at Vienna, was severed into a separate case (Doc. 15).

On September 24, 2020, Defendants Banks, Dennison, Pickford, and Smith filed a motion, and supporting memorandum, for summary judgment on the issue of exhaustions of administrative remedies (Docs. 42, 43). On February 23, 2021, the Court granted and denied, in part, this motion (Doc. 54). Specifically, the Court granted the motion as to Defendants Dennison and Smith, who were dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies against those Defendants. The case continued against Defendants Banks and Pickford.

On January 13, 2022, Plaintiff filed a notice of change of address, indicating that he had been released from IDOC custody and was now residing in the Chicago area (Doc. 73). On February 25, 2022, Defendants Banks and Pickford filed a motion, and supporting memorandum, for summary judgment on the merits of Plaintiff's claims (Docs. 78, 79).

Plaintiff's response to this motion was due on March 28, 2022; however, Plaintiff never filed a response to the motion for summary judgment.

On April 8, 2022, the Court ordered Plaintiff to show cause, in writing, by May 9, 2022 as to why his case should not be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b). Plaintiff was also explicitly warned that if he failed to respond to this Order or file a response to Defendant's motion for summary judgment, the case would be dismissed (Doc. 83). To date, Plaintiff has not filed anything with the Court in response to this Order or Defendants' motion for summary judgment.

## ANALYSIS

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

In this matter, Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so. But those difficulties do not excuse him from complying with Court-imposed deadlines or communicating with the Court. Plaintiff was directed to respond to Defendant's motion for summary judgment. He failed to do so by the

deadline despite being warned of the consequences. The Court understands that Plaintiff was released from IDOC custody at some point prior to January 13, 2022, as this was when Plaintiff filed a change of address notice with the Court indicating he had been released and including an address in Chicago, Illinois (Doc. 73). The address included in this notice is the same address the Court has had on file for Plaintiff since January 2022 and where the Court sent Plaintiff notice of the motion for summary judgment and Show Cause Order.

The Court noted that instead of responding to the Court's Show Cause Order, Plaintiff could simply file a response to the summary judgment motion (Doc. 83). It has been over three months since Defendants filed their motion for summary judgment and over two months since Plaintiff's response was due (Docs. 78, 79). It has also been more than a month since the Court entered its Show Cause Order with no response from Plaintiff (Doc. 83). Under the circumstances presented here, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation, and the Court is convinced that dismissal is appropriate. Accordingly, this action will be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (affirming the district court's decision to dismiss as case for failure to prosecute its case or abide by the court's orders and noting the court's inherent "authority under Federal Rule of Civil Procedure 41(b) to enter a *sua sponte* order of dismissal for lack of prosecution.").

## CONCLUSION

This case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Defendant Banks and Pickford's motion for summary judgment (Doc. 78) is rendered **MOOT**. The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life &*

*Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to

proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: June 2, 2022**

<u>s/ Mark A. Beatty</u><br>
**MARK A. BEATTY**<br>
**United States Magistrate Judge**